UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | CASE NO. 2:16-cr-185-1 |
| ) | |
| vs. ) | |
| ) | |
| BEHROOZ BEHROOZIAN, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

TRANSCRIPT OF SENTENCING PROCEEDINGS
*PORTIONS UNDER SEAL*
BEFORE THE HONORABLE JAMES L. GRAHAM, SENIOR JUDGE
THURSDAY, OCTOBER 24, 2019; 9:35 A.M.
COLUMBUS, OHIO

FOR THE PLAINTIFF:
    David M. DeVillers
    United States Attorney
    By: Douglas A. Squires
    Assistant United States Attorney
    303 Marconi Boulevard, 2nd Floor
    Columbus, Ohio 43215

FOR THE DEFENDANT:
    Adam G. Burke, Esq.
    Second Floor
    150 East Mound Street
    Columbus, Ohio 43215

- - -

Proceedings recorded by mechanical stenography, transcript produced by computer.

ALLISON KIMMEL, FAPR, RDR, CRR, CRC
FEDERAL OFFICIAL COURT REPORTER
85 MARCONI BOULEVARD, ROOM 121
COLUMBUS, OHIO 43215
614-719-3225

                                Thursday Morning Session

                                October 24, 2019

                                      - - -

         THE COURT: Good morning, counsel.

         MR. SQUIRES: Good morning Your Honor.

         MR. BURKE: Good morning, Your Honor.

         THE COURT: I apologize for being a little wobbly this morning. I injured my knee several weeks ago, and this is my first -- well, I guess maybe the second day I've been off crutches, so getting better every day.

         The Court will recognize Assistant United States Attorney Douglas Squires.

         Good morning, Mr. Squires.

         MR. SQUIRES: Good morning, Your Honor.

         THE COURT: Does the government have a case to present to the Court this morning?

         MR. SQUIRES: We do, Your Honor. We're here for a sentencing. On September 28th of 2016, Behrooz Behroozian entered a plea of guilty to a one-count, single count Information charging him with a violation of the International Emergency Economic Powers Act for violating embargo and trade sanctions with Iran in violation of Title 50 Section 1705 and the Code of Federal Regulations 31 560.203 and 560.204.

         The defendant is before the Court for sentencing. Filed with the Court is a presentence investigation report and two

1    supplemental reports as well as a government sentencing
2    memorandum and a defense sentencing memorandum.  Neither
3    memorandum set forth objections to that presentence
4    investigation report.
5             THE COURT:  Very well.  Thank you, Mr. Squires.
6         The defendant and his counsel may approach the lectern.
7             MR. BURKE:  Good morning, Your Honor.
8             THE COURT:  Good morning, counsel.  Are you Behrooz
9    Behroozian?
10            THE DEFENDANT:  Yes, sir.
11            THE COURT:  And you are represented by Attorney Adam
12   Gregory Burke; is that correct?
13            THE DEFENDANT:  Yes, sir.
14            THE COURT:  Mr. Burke.
15            MR. BURKE:  Good morning, Your Honor.
16            THE COURT:  Mr. Behroozian, have you received a copy
17   of your presentence investigation report?
18            THE DEFENDANT:  Yes, I did.
19            THE COURT:  And have you read it over and discussed it
20   with your lawyer?
21            THE DEFENDANT:  Yes, I did.
22            THE COURT:  And have you had the report for at least
23   ten days?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Very well.  Counsel, I've reviewed the

1 presentence investigation report. I don't recall any
2 unresolved objections.
3 　　　Mr. Burke, does the defendant have any unresolved
4 objections to the PSI?
5 　　　　　MR. BURKE: Your Honor, there are no objections either
6 from the defendant or from the state for that matter -- or from
7 the government.
8 　　　　　THE COURT: The Court has read the presentence
9 investigation report, of course, and the Court is inclined to
10 agree with the conclusions and findings of the probation
11 officer. And since there are no objections, the Court will
12 adopt those findings, and that leads to these determinations,
13 that the Total Offense Level in this case is 23 and the
14 Criminal History Category is I, and that gives us a guideline
15 sentencing range in this case of 46 to 57 months.
16 　　　Are there any objections to those determinations,
17 defense counsel?
18 　　　　　MR. BURKE: No, Your Honor.
19 　　　　　MR. SQUIRES: Not by the government.
20 　　　　　THE COURT: Very well. In arriving at a sentence, the
21 Court is called upon to consider a variety of factors,
22 beginning with the determination of the applicable federal
23 sentencing guidelines, but that's only the beginning of the
24 Court's work.
25 　　　In addition to the guidelines, the Court is called upon

to consider all of the statutory sentencing factors, which includes such things as the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and promote respect for the law, and to provide just punishment, as well as to afford adequate deterrence and to protect the public.

So with all of those factors in mind, the Court acknowledges receipt of written sentencing memoranda from counsel for both sides, which are very much appreciated.

In a few moments, I'll be asking counsel for their verbal statements here in open court about the appropriate sentence in this case, but first I would like to ask Mr. Behroozian if he wishes to make a statement on his own behalf.

Do you, sir?

THE DEFENDANT: Yes, sir.

THE COURT: You may.

THE DEFENDANT: Can I get my notes?

THE COURT: Yes, you may.

THE DEFENDANT: Your Honor, I wrote it down here, but I would like to say it from my heart, and I will use this one as a reference. That's all.

THE COURT: All right, sir.

THE DEFENDANT: I am Behrooz Behroozian. I was born

1  and raised in Iran until when I was 19 or 20 years old.  I came
2  here in this country to go to school, and I went to school
3  here.
4       Most of my life, I've been here, almost over 40 years,
5  and I'm a U.S. citizen.  And what I've done, I'm really sorry
6  for that.  I'm ashamed of that, and not only to my country,
7  which is U.S., citizen of USA, and also my family too, my wife,
8  daughter, and my other relatives too, and I take full
9  responsibility what I've done, and I take the consequence, what
10 the Court would now impose on me.
11          THE COURT:  Very well.
12          THE DEFENDANT:  That's it, from the bottom of my
13 heart.
14          THE COURT:  Does that conclude your statement, sir?
15          THE DEFENDANT:  That does conclude my statement.
16          THE COURT:  Thank you for your statement.  Counsel,
17 please approach the bench.
18          (The following proceeding was held at sidebar.)
19 ▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22   ▮▮▮▮▮▮   ▮▮▮▮▮▮
23   ▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮
25   ▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮





[lines 1-12 redacted]

(The following proceedings were had in open court.)

THE COURT: All right. Now I would like to have counsel's comments regarding the appropriate sentence in this case, and we'll start with defense counsel.

MR. BURKE: Thank you, Your Honor. Just very briefly, I think Mr. Behroozian -- he goes by Bruce -- has expressed his remorse very well and very accurately.

THE COURT: Just one moment. Mrs. Shane, I hear music.

COURTROOM DEPUTY: Yes, Your Honor.

THE COURT: Is that next door?

COURTROOM DEPUTY: It's the naturalization hearing.

THE COURT: It's the naturalization hearing. All

1  right. Go ahead. Speak up.

2          MR. BURKE: All right. Will do.

3      Mr. Behroozian is 64 years old. This is a circumstance
4  that, as he's expressed, he regrets very much and accepts
5  responsibility for. He rationalized his conduct in several
6  ways.

7      He recognizes now that not only what he was doing was a
8  violation of U.S. law but was also really a betrayal of his
9  country, but at the time his motivation was economic.

10     I think probably the most relevant part of the
11 presentence report is on paragraph 65. It states that
12 Mr. Behroozian indicated he has experienced feelings of
13 depression and being a failure because he's been unable to earn
14 sufficient income to support his family and has had thoughts of
15 committing suicide for several years, and I think that was
16 really his motivation in this case, was he wanted to be a
17 provider for his family.

18     He does have an associate's degree in engineering that
19 he really had not had the opportunity careerwise to be able to
20 advance and so what he told himself is this is a way for him to
21 be able to support his family, a way for him to be able to
22 apply his education, and it really wasn't that bad, because
23 what -- the parts that he was supplying were primarily
24 petrochemical valves for, you know, oil and gas, and this was
25 not something that was military.

1     All of those things -- all those rationalizations have
2 fallen away, you know, with this case in the recognition of the
3 severity of his conduct.
4     And since then, he's accepted responsibility for his
5 conduct with his plea.  He is very remorseful, and I just ask
6 the Court to take that all into consideration.
7     Additionally, there are just a couple other matters that
8 aren't related to his sentence.  I just wanted to put into the
9 record, number one, Mr. Behroozian has asked the Court to
10 consider allowing him, based on some financial health-related
11 matters and some ongoing treatment, that the Court consider
12 permitting him to have a surrender date of January 1st or
13 sometime close to that date.
14     And then, in addition, because there are indicated in
15 the presentence report, and accurately indicated, he has
16 ongoing medical issues.  He has about 12 different prescription
17 medications and multiple serious diagnoses.
18     We would request the Court either place him at
19 Morgantown, West Virginia, the federal prison facility there,
20 because there is close access to treatment at the University
21 or, alternatively, at one of the medical centers in the federal
22 system, and I believe there's one in Lexington that would place
23 him relatively close to his family.
24          THE COURT:  Very well.
25          MR. BURKE:  And we recognize that's a decision for the

1  Bureau of Prisons, but I did want to make that request part of
2  the record, Your Honor.
3          THE COURT:  Yes, indeed.  I appreciate that.
4      All right.  Mr. Squires.
5          MR. SQUIRES:  Your Honor, when Mr. Behroozian says
6  himself that he's remorseful, the government does believe that.
7      We've had contact with him and witnessed his actions
8  himself.  When he says "my country," we really believe that is
9  the United States, and not -- not Iran, but those facts have to
10 be tempered against the fact that he also assisted and helped
11 Iran, one of our primary countries sponsoring terrorism in the
12 world.
13     His criminal acts led to his profits, which undermined
14 national security and benefited Iran, and those are the facts
15 which weigh most heavily in favor of a term of imprisonment,
16 and that's why we're asking for such.
17         THE COURT:  Very well.  Thank you, Mr. Squires.
18     I've outlined in a general way the circumstances the
19 Court is called upon to consider in arriving at a sentence in
20 this case.  I would like to focus on the factors that I think
21 are -- are most significant here.
22     The nature and circumstances of the offense, this is a
23 serious offense.  Unfortunately, Mr. Behroozian involved
24 himself in the sale of products which -- the sales were in
25 violation of sanctions against the country of Iraq -- of Iran,

1  which is on the government list of state sponsors of terrorism.

2  　　　The United States has had sanctions in effect on the

3  country of Iran for many, many years, going back to its

4  occupation of our embassy and a series of events over the years

5  following that.  So this is a serious offense and the Court's

6  sentence should reflect that.

7  　　　There are significant mitigating circumstances in this

8  case.  First of all, as the government just pointed out, the --

9  the contracts that Mr. Behroozian involved himself with were

10 not for products or materials of a military nature.  They were

11 used in the oil and gas industry.

12 　　　His -- his financial gain was modest.  He is an American

13 citizen.  He's been in this country all of his adult life, and

14 he has no significant criminal record at all.  He's otherwise

15 been a law-abiding citizen of the United States.

16 　　　He does have some very significant health issues, and he

17 does have a family that relies upon him for support.

18 　　　The Court believes that considering all of these

19 factors, that a sentence of 20 months' incarceration would be

20 sufficiently severe but no more severe than necessary to serve

21 all of the important sentencing goals in this case.

22 　　　The Court is not imposing a fine in this case because

23 the defendant does not have the financial resources to pay a

24 fine.

25 　　　The Court will impose a term of supervised release in

```
 1  this case, specifically a two-year term of supervised release,
 2  and the conditions of supervised release will include the
 3  requirement that the defendant participate in a program of
 4  mental health assessment, counseling, and treatment as directed
 5  by his probation officer until such time as he's released from
 6  that program, and the Court is going to waive any copayment
 7  requirement for those treatment services.
 8       And an additional condition will be that the defendant
 9  shall be prohibited from engaging in business involving the
10  exportation of goods from the United States.
11       I am also required to impose a statutory special
12  assessment of $100 and will do so as part of my sentence in
13  this case.
14       There was a forfeiture count in this case, wasn't there,
15  Mr. Squires?
16       MR. SQUIRES:  There was, Your Honor.  $79,000 that was
17  seized and we ask that that be made a part of the judgment as
18  well.
19       THE COURT:  Very well.  There's no objection to the
20  forfeiture, is there?
21       MR. BURKE:  None, Your Honor.
22       THE COURT:  All right.  Mr. Squires, present me with
23  an appropriate order on the forfeiture order, and I will sign
24  it.
25       MR. SQUIRES:  Thank you.
```

1    THE COURT:  All right.  I'm going to recommend to the
2 Bureau of Prisons that Mr. Behroozian be assigned to the
3 federal correctional institution in Morgantown, and I'm going
4 to alert the bureau of his need of some specialized medical and
5 psychological services.  And I'm going to permit him to
6 self-surrender no later than January 5th of 2020.
7    Counsel, do either of you see any legal impediments to
8 the sentence the Court has just announced?  Defense counsel.
9         MR. BURKE:  No, Your Honor.
10        THE COURT:  Mr. Squires?
11        MR. SQUIRES:  No, Your Honor.  Thank you.
12        THE COURT:  Very well.  Mr. Behroozian, you have the
13 right to appeal your conviction and sentence.  You have the
14 right to have the costs of any such appeal paid for by the
15 government.
16    You have the right to have a lawyer appointed for that
17 purpose.  You also have the right to have the clerk of this
18 court file your Notice of Appeal.
19    Please consult with your attorney and tell me whether
20 you want the clerk to file a Notice of Appeal.
21        THE DEFENDANT:  Yes, Your Honor.
22        (Pause in proceedings while defendant consults with
23 attorney.)
24        THE DEFENDANT:  No, sir.
25        THE COURT:  If you should desire or intend to appeal,

```
                                          16
 1   you must file a written notice within 14 days.  Do you
 2   understand that?
 3            THE DEFENDANT:  Yes, sir.
 4            THE COURT:  Very well.  Is there anything further on
 5   this case today on behalf of the defendant?
 6            MR. BURKE:  No.  Thank you, Your Honor.
 7            THE COURT:  Or on behalf of the government?
 8            MR. SQUIRES:  No.  Thank you, Your Honor.
 9            THE COURT:  Very well.  That will conclude this
10   matter, and that will conclude this morning's docket.
11         And, Mrs. Shane, you may adjourn court.
12            COURTROOM DEPUTY:  Please rise.  This court is
13   adjourned.
14      (The proceedings were adjourned at 9:57 a.m.)
15
16
17
18
19
20
21
22
23
24
25
```

17

C E R T I F I C A T E

I, Allison A. Kimmel, do hereby certify that the foregoing is a true and correct transcript of the proceedings before the Honorable James L. Graham, Senior Judge, in the United States District Court, Southern District of Ohio, Eastern Division, on the date indicated, reported by me in shorthand and transcribed by me or under my supervision.

s/Allison A. Kimmel
Allison A. Kimmel, FAPR, RDR, CRR, CRC
Official Federal Court Reporter
March 23, 2020